UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TIMOTHY MATTHEW SIMPSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:13-cv-00109 |
| | ) | Judge Sharp |
| UNITED STATES COMPANY | ) | |
| CORPORATION and DOES 1-1000, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Pending before the court is a *pro se* complaint (Docket No. 1) and an application to proceed *in forma pauperis* (Docket No. 2). The plaintiff is a resident of Antioch, Tennessee.

From a review of his application to proceed *in forma pauperis*, it appears that the plaintiff lacks sufficient financial resources to pay the filing fee. Therefore, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk will **FILE** the complaint *in forma pauperis*. 28 U.S.C. § 1915(a). However, process shall not issue.

Because the plaintiff is proceeding *in forma pauperis* in this case, the court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2). *Pro se* complaints are to be construed liberally by the court. *See Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198-99 (6th Cir. 1990).

The plaintiff has filed an eight (8) page "Declaration" with the court in which he asks the court to dissolve a "trust." (Docket No. 3 at pp. 1-8). The plaintiff alleges that he

> has paid any all debts associated with his property and or person and/or estate to the tune of US$600 billion (the department of the US Treasury, As Well As the Bureau Public Debt, As Well As the State of Tennessee, As Well As the State of Texas, As Well As the State of California, each has Received security instruments to cover any and all debts associated with the administrating of the trust, associated with his affairs, leaving a balance due to the presenter of more than US$560 billion that is now due and payable and is demanded.

(Docket No. 3 at pp. 7-8).

The plaintiff states that "[t]he court claims that no trust exists and that it does not have fiduciary responsibilities in relation to the trust/trusts!" (Docket No. 3 at p. 1). However, the court has not entered any prior orders in this case and has been unable to locate any records in any other cases involving the plaintiff. The plaintiff mentions "the original trust agreement between THE SOVEREIGN ALMIGHTY GOD JEHOVAH and the presenter through his founding father the original creation known as man on the planet called Earth," (Docket No. 3 at p. 2)(emphasis in original), but the court is unable to discern the nature of the trust of which the plaintiff writes.

The plaintiff names the "United States Company Corporation" as a defendant but does not mention the "United States Company Corporation" by name in the body of his complaint. The plaintiff additionally names one thousand (1000) "John Doe" defendants in this case but it is wholly unclear from the plaintiff's "Declaration" what wrongful actions or inactions these unnamed defendants allegedly committed.

Although *pro se* pleadings are subject to liberal construction, *Haines v. Kerner*, 404 U.S. 519 (1972), liberal construction does not require the court to create a claim which the plaintiff has not spelled out in his complaint. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff must

2

identify the right or privilege that was violated and the role of the defendant in the alleged violation. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Here, the plaintiff's "Declaration" fails to meet the basic pleading requirements as the court is unable to understand the nature of the plaintiff's federal claims, the basis for federal court jurisdiction, or the role the defendants allegedly played in the violation of the plaintiff's rights.

Consequently, the court finds that the plaintiff's "Declaration" is frivolous and/or fails to state claims upon which relief can be granted. Therefore, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii), this case is **DISMISSED WITH PREJUDICE**. Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

This order constitutes final judgment in this action.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge